THE MINISTER, ELDERS AND DEACONS OF THE DUTCH REFORMED CHURCH OF CANAJOHARIE *vs.* WOOD and WILES.

Under the code of 1848 a judgment by default could not be taken in an action for a trespass, without proof; an assessment of damages being necessary.

Where a judgment is reversed, on appeal to the general term, the court has power, within the spirit of section 330 of the code, to send the cause back to be properly disposed of at the special term.

THIS was an appeal by the defendants from a judgment by default. The action was trespass, for entering a church and breaking down the seats, &c. &c. The judgment roll contained the complaint, in which the demand for relief was as follows: " And the said plaintiffs say that by reason of the premises they have sustained damages to the amount of one hundred dollars, for which amount they demand judgment against the defendants, besides costs." It next contained an affidavit of the service of the summons, also an affidavit that 20 days had elapsed and

no answer, &c. had been received. Then followed the entry of judgment at a special term of this court, thus: (Title of the cause, &c.) "Judgment $114,72. Oct. 5th, 1848. It appearing that the summons in this action, with the affidavit required by law accompanying the same, was duly and personally served on the defendants Abram Wood and Thomas Wiles, on the said Wood on the 16th and on the said Wiles on the 26th of August, 1848, and that no answer thereto has been served on said attorney of the plaintiffs, now on motion of Hiram Riggs, the plaintiffs' attorney; it is adjudged by the court that the said judgment in the said summons mentioned, to the amount aforesaid of one hundred dollars, with interest from the 5th day of October, 1848, together with fourteen dollars and seventy-two cents costs of the plaintiff in this action be enforced against the said defendants Abram Wood and Thomas Wiles in favor of the said" plaintiffs, " and that the said" plaintiffs "have execution thereof."

*H. Riggs*, for the plaintiffs.

*T. B. Mitchell*, for the defendants.

*By the Court*, HAND, J. This judgment was entered up under the code of 1848. In this class of actions, if the taking of an account, or the proof of any fact, was necessary to enable the court to give judgment, &c. the court, instead of taking the account or hearing the proofs, could have ordered a reference. And where the action was for the recovery of money only, the court, if the plaintiff required it, ordered the damages to be assessed by a jury, &c. (*Code of* 1848, § 202.)

It is evident that no judgment by default in an action for a trespass, could have been taken without proof. An assessment was necessary. In this case the order for judgment recites the proof of service and of default to answer, and then, upon motion of the plaintiffs' attorney, it was adjudged that the judgment mentioned in the summons, to the amount of the sum therein claimed. should be enforced against the defendants with inter-

est.   It can not be presumed that there was any inquisition or assessment taken of the damages, either by the court or by a reference or jury.   This was erroneous, and the judgment must be reversed ; and the cause sent back to be properly disposed of at a special term.   I think the court has power to do this within the spirit of section 330 of the present code.   As this is not a case of partial affirmance, or ordering a new trial, the appellants must have costs.

Judgment reversed.

---

SAME TERM.   *Before the same Justices.*